UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JACOBSON,

        Plaintiff,         Case Number: 10-13046

v.         HON. AVERN COHN

REY PATINO, JODY HAYES, and
DANNY CATHCART,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 44) AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 39)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983 claiming a violation of the Eighth Amendment. The matter has been referred to a magistrate judge for all pre-trial proceedings. Plaintiff sued Warden Debra Scutt, Plant Superintendent Rey Patino, Maintenance Worker Jody Hayes, and Resident Unit Officer Danny Cathcart. Plaintiff's claims stem from the allegations that water leaked into his cell creating mold and from having to clean the mold with bleach. As will be explained, only plaintiff's claim against Patino, Hayes, and Cathcart in their individual capacities remain.

Patino and Hayes filed a motion for summary judgment. (Doc. 39) On July 31, 2012, the magistrate judge issued a report and recommendation (MJRR), recommending that the motion be granted. (Doc. 44) Neither party has filed objections and the time for filing objections has passed. Accordingly, for the reasons that follow, the MJRR will be adopted and Patino and Hayes' motion will be granted. The case will continue against Cathcart.

II.

Shortly after the complaint was filed, the Court dismissed plaintiff's claim against Scutt under 28 U.S.C. §1915(e)(2) because plaintiff failed to state an actionable claim against her. (Doc. 5). The remaining defendants, Patino, Hayes, and Cathcart, filed a motion for summary judgment on the grounds that plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment and plaintiff's claims against them in their individual capacities fail because they are entitled to qualified immunity. (Doc. 12). The magistrate judge recommended that the motion be granted in part and denied in part. Specifically, the magistrate judge recommended that (1) plaintiff's claim against defendants in their official capacities be dismissed and (2) a ruling on plaintiff's claim against defendants in their individual capacities be deferred until plaintiff is afforded limited discovery. (Doc. 21). Neither party objected to the MJRR. Accordingly, the Court adopted the MJRR. (Doc. 22).

Following discovery, Patino and Hayes filed a motion for summary judgment. (Doc. 39). The magistrate judge recommends that the motion be granted because there is no genuine issue of material fact that no "toxic black mold" was present in plaintiff's cell and therefore they did not subject him to cruel or unusual punishment.

III.

The failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions. Thomas v. Arn, 474 U.S. 140, 149 (1985). However, the Court has reviewed the MJRR and agrees with the magistrate judge.

IV.

Accordingly, the findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court. Defendants' motion for summary judgment is GRANTED. Plaintiff's claim against Patino and Hayes is DISMISSED. Plaintiff's claim against Cathcart in his individual capacity continues.[1]

SO ORDERED.


Dated: September 6, 2012
      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 6, 2012, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160

---

[1] Plaintiff's claim against Cathcart is based on the following allegations in the complaint: Cathcart placed a bottle of undiluted bleach in plaintiff's cell and told plaintiff to clean the cell, despite plaintiff's protests that he was not qualified or certified to handle hazardous chemicals. (Complaint, ¶¶ 4-5). Plaintiff alleges that he cleaned up the black mold as ordered until he started to feel faint, at which point his cell mate took over. (Complaint, ¶ 5) Plaintiff also alleges that, given the toxic fumes in his cell, he requested to stay in another room during the prisoner count, but Cathcart refused that request (Complaint, ¶ 5) However, thirteen minutes later, another officer noticed the smell and sent plaintiff to another room while his cell aired out. (Complaint, ¶ 6) According to plaintiff, he was taken to health care later that day because he was feeling light-headed and having a hard time breathing. (Complaint, ¶ 7) Plaintiff also alleges that he has suffered nose bleeds, sinus problems and migraine headaches since that day, and that he cannot know what future medical problems may develop as a result of the mold and bleach. (Complaint, ¶¶ 8-11)