UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JACOBSON,

    Plaintiff,

vs.                                                                                 Case No. 10-13046

DANNY CATHCART,                                          HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING
DEFENDANT CATHCART'S MOTION
FOR SUMMARY JUDGMENT (Doc. 69)**

**I. INTRODUCTION**

This is a prisoner civil rights case under 42 U.S.C. § 1983. After dispositive motion practice, only plaintiff's claims against defendant Danny Cathcart remains.[1] Defendant now seeks summary judgment based on the doctrine of qualified immunity (Doc. 69). For the reasons that follow, the motion is DENIED.

**II. BACKGROUND**

**A. Factual Background**

The facts are recited in prior orders and are not repeated here. *See* (**Doc. 5**, Order of Partial Dismissal; **Doc. 22**, Order Adopting R&R and Granting in Part and Denying in Part Defs'. Mot. For Summ. J.; **Doc. 45**, Order Adopting R&R and Granting Defs'. Mot. for Summ. J.). A brief summary follows.

---

[1] Plaintiff also listed as a defendant Larry Ford. In response to the defendants' motion for summary judgment, Plaintiff has stipulated to the dismissal of his retaliation claim against Ford. Accordingly, summary judgment is GRANTED to Ford and the amended complaint is DISMISSED against him.

Plaintiff John Jacobson is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He suffers from asthma. The pertinent facts which form the basis of Plaintiff's claims are stated in the July 31, 2013 report and recommendation (R&R) of the magistrate judge (MJ):

> Plaintiff alleges that water was seeping into his cell creating black mold on the bottom of the wall. According to Plaintiff, maintenance caulked his shower to prevent additional mold from spreading in his cell, but Defendant Hayes required Plaintiff to clean the existing mold himself. Defendant Cathcart gave Plaintiff undiluted bleach to clean the cell, but he denied Plaintiff's request for a mask. While Plaintiff became faint due to the toxic smell, Defendant Cathcart prohibited Plaintiff from remaining in another room during count time. Thirteen minutes later, another correctional officer noticed the strong odor of bleach in Plaintiff's cell and told Plaintiff to wait in another room during count time so his cell could air out. As a result of the toxic fumes, Plaintiff suffered nose bleeds, congestive sinus problems, and extreme migraine headaches. In addition, Plaintiff testified that Doctor Cohen will say that the black mold caused his allergies. Plaintiff alleges that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution.

(Doc. 44 at 1–2) (internal citations to record omitted).

**B. Procedural Background**

Plaintiff filed this case *pro se* on August 2, 2010 naming as defendants Debra Scutt, Cathcart, Hayes, and Patino. (Doc. 1). The Court, acting *sua sponte*, dismissed the complaint against Scutt under 28 U.S.C. § 1915(e)(2), and directed service against the remaining defendants. (Doc. 5). The Court then referred the case to a MJ for all pretrial matters. (Doc. 6).

The remaining defendants, Cathcart, Hayes, and Patino, then moved for summary judgment. (Doc. 12). The MJ issued a R&R recommending the Court grant in part and deny in part the defendants' motion for summary judgment. (Doc. 21). Particularly, the MJ recommended granting summary judgment to defendants in their official capacities, but

2

denying summary judgment on the claims against them in their individual capacities on the grounds that the motion was premature and further discovery was warranted. (*Id.*). Neither party objected to the R&R and the Court adopted it in full. (Doc. 22).

The MJ on the case was later reassigned, and the Court again referred all pretrial matters to the second MJ. (Doc. 27). The complaint was amended and Larry Ford was added as a defendant. (Doc. 37). After conducting some discovery, defendants Hayes and Patino moved for summary judgment. (Doc. 39). The MJ issued a R&R recommending that the motion be granted and that judgment be entered in favor of Hayes and Patino. (Doc. 44). Neither party objected to the R&R and the Court adopted it in full. (Doc. 45).

On January 24, 2013, the Court assigned Plaintiff two attorneys. (Doc. 60). Discovery and the time period for filing dispositive motions was extended. On September 19, 2013, the remaining defendants, Cathcart and Ford,[2] moved for summary judgment. (Doc. 69). The motion is ready for decision.

### III. LEGAL STANDARDS

**A. Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Revised Rule 56 expressly provides that:

---

[2] As explained above, plaintiff agreed that the claim against Ford be dismissed.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support a fact.

Fed. R. Civ. P. 56(c)(1).

The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike Cnty. Bd. of Ed.*, 286 F.3d 366, 370 (6th Cir. 2002).

**B. Qualified Immunity**

When government officials perform discretionary functions, they are immune from suit through qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Supreme Court applies a two-step inquiry when determining qualified immunity claims: "First, a court must decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right. Second . . . , the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 815–16 (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). Courts may exercise discretion in deciding which of the two prongs to address first. *Id.* at 818.

As the Sixth Circuit has explained,

> Because "[q]ualified immunity is an affirmative defense . . . [t]he defendant bears the burden of pleading" it in the first instance. The burden then shifts to the plaintiff, who must show that the official violated a right so clearly established "that every reasonable official would have understood that what he [was] doing violate[d] that right." The plaintiff "bears the ultimate burden of proof to show that the individual officers are not entitled to qualified immunity." If the plaintiff fails to carry this burden as to either element of the analysis, qualified immunity applies and the state official is proof against the plaintiff's suit.

*Cockrell v. City of Cincinnati*, 468 F. App'x 491, 494 (6th Cir. 2012).

**C. Eighth Amendment**

As explained by the Supreme Court, "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citing *Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976)). To comply

5

with the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates." *Id.* at 832 (citations omitted).

Deliberate indifference has both an objective and subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The objective component is satisfied by showing that an inmate has a medical need that is objectively "sufficiently serious." *Farmer*, 511 U.S. at 834. The subjective component requires that the "official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703. This requires "a sufficiently culpable state of mind. . . ." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 813 (6th Cir. 2005 (citation omitted). A "conditions-of-confinement claim is one that involves the denial of basic human needs or unsafe conditions in prison, such as . . . exposure to toxic substances." *Askew v. Crospey*, No. 07-11820, 2009 WL 799235, at *3 (E.D. Mich. March 24, 2009) (citing *Helling v. McKinney*, 509 U.S. 25 (1993)).

## IV. DISCUSSION

Defendant Cathcart moves for summary judgment on the grounds that he is entitled to qualified immunity. Cathcart argues that Plaintiff cannot show that Cathcart violated his constitutional rights. The Court disagrees.

*First*, Plaintiff argues that Cathcart violated his Eighth Amendment right to be free of forced exposure to toxic chemicals by requiring him to clean mold from his cell with undiluted bleach and without the benefit of a breathing mask or other safety gear.

*Second*, Plaintiff argues that Cathcart violated his Eighth Amendment rights when he ordered him to stay in his poorly ventilated cell for thirteen minutes. There are genuine

issues of material fact that, when resolved, may lead to the conclusion that Cathcart's Eighth Amendment rights were violated. Therefore, summary judgment on the basis of qualified immunity in light of material factual disputes is inappropriate.

As explained above, the deliberate indifference test is both objective and subjective. The objective component requires the inmate to show that the harm he faced was "sufficiently serious." Looking at the facts in a light most favorable to Plaintiff, he has established a sufficiently serious risk of harm. Cathcart forced Plaintiff to clean his cell with what he says was undiluted bleach, and his request to wear a mask was denied. In addition, Plaintiff was not given any safety gear. Then, after the cell was cleaned with bleach, Plaintiff says Cathcart forced him to remain in the cell, a confined space, for thirteen minutes during count time despite the strong odor of bleach. Exposure to chemicals such as bleach in a confined space is a sufficiently serious risk of harm. *See, e.g.*, *Reeves v. Wallington*, No. 06-10326, 2007 WL 1016979 (E.D. Mich. March 29, 2007)*; Weinberg v. Alley*, No. 4:08cv480-MP/WCS, 2012 WL 967635 (N.D. Fla. Jan. 19, 2012).

Cathcart makes much of the fact that Plaintiff was only exposed to bleach for thirteen minutes. Cathcart says that such a short exposure to bleach cannot be "sufficiently serious." The Court disagrees. The period of time that Plaintiff was exposed to the bleach is one factor a jury will use in determining whether the risk of harm was sufficiently serious. A jury will weigh other factors, such as how strong it believes the bleach was, the exact location the bleach was placed, the size and ventilation of the room, etc.

As to the subjective prong of the deliberate indifference test, when the evidence is viewed in a light most favorable to Plaintiff, genuine issues of material fact exist as to whether Cathcart subjectively perceived a risk of harm to Plaintiff and disregarded that risk.

Plaintiff says he asked Cathcart for a mask because he could not clean the mold in his cell using bleach without a mask. Cathcart did not give Plaintiff a mask. Then, Plaintiff says he asked Cathcart to let him out of his cell during count because the odor of bleach was strong. Cathcart denied this request also. Under these facts, a jury may conclude that Cathcart was aware of the risk to Plaintiff, because Plaintiff informed him of the risk, and that he subjectively disregarded the risk to Plaintiff when denying him a mask and forcing him to remain in his cell, further exposing him to the bleach.

In sum, because genuine issues of material fact exist as to whether Cathcart violated Plaintiff's Eighth Amendment rights, and because Plaintiff has proffered sufficient evidence at the summary judgment stage that being exposed to bleach led to health problems–mainly asthma–Cathcart's motion will be denied.

## V. CONCLUSION

For the reasons stated above, summary judgment was denied. The case manager will schedule a final pretrial conference and trial date. At the final pretrial conference each party shall file with the Court:

a)  a numerical listing of the names and addresses of prospective witnesses, together with a short statement in narrative form as to the nature of the proposed testimony of each witness, and stating whether the witness is "likely" to be called, will "probably" or "possibly" be called, and whether the witness' testimony will be presented in open court or by deposition. Except for good cause shown, no witness may be called at trial unless so listed, except for purposes of rebuttal; and

b)  a numerical listing of their exhibits, and a copy of each exhibit. Except for

good cause shown, no exhibit may be introduced at trial unless it has been so listed, with the exception of exhibits used solely for impeachment of rebuttal.

In addition, at the final pretrial conference Plaintiff shall file with the Court:

a) an itemization of the damages he claims against Cathcart;

b) proposed jury instructions on the law of the case; and

c) a proposed verdict form.

SO ORDERED.

      s/Avern Cohn
      UNITED STATES DISTRICT JUDGE

Dated: January 24, 2014

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 24, 2014, by electronic and/or ordinary mail.

      s/Carol Bethel for Sakne Chami
      Case Manager, (313) 234-5160